Tuxford v. Vitts Networks, et al.    CV-01-170-M    03/06/02
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jennifer Tuxford,
    Plaintiff

    v.                                        Civil No. 01-170-M
                                        Opinion No. 2002 DNH 056
Vitts Networks, Inc.,
David Graham, and Greg Demund,
    Defendants


**O R D E R**


Jennifer Tuxford brings this action against her former employer, Vitts Networks, Inc., claiming that she was subjected to unlawful gender-based discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. She also advances two state law claims in which she alleges that Vitts and two of its employees, David Graham and Greg Demund, violated New Hampshire's Law Against Discrimination, N.H. Rev. Stat. Ann. ("RSA") 354-A, and wrongfully invaded her common law privacy rights.

Before Tuxford filed this suit, Vitts filed for bankruptcy protection. Accordingly, the court previously granted Tuxford's motion to stay proceedings as to Vitts, but observed that because

her complaint "was filed in apparent violation of 11 U.S.C. § 162(a)(1), the suit against Defendant Vitts is probably void, or voidable." Tuxford v. Vitts Networks, Inc., No. 01-170-M, slip op. at 1 (D.N.H. May 18, 2001). And, as to Defendant Graham, Tuxford has yet to effect service of process. Consequently, the only defendant properly before the court is Demund, who has moved for judgment on the pleadings.

Unfortunately, Demund's motion is not a model of clarity. Among other things, it seeks dismissal of "Counts II, III, V, VII, and VIII of the Complaint." Defendant's motion (document no. 7) at 3. See also defendant's reply memorandum (document no. 12) at 3 ("Grant Mr. Demund's Motion for Judgment on the Pleadings and dismiss Counts II, III, V, VII, and VIII of the plaintiff's Complaint."). As noted above, however, plaintiff's complaint sets forth only three counts, thereby suggesting that defense counsel may be confusing this case with another. Perhaps more importantly, defendant's motion fails to adequately address the legal issues that are central to his argument that count 2 of plaintiff's complaint fails to state a viable claim under RSA 354-A.

2

Defendant's motion for judgment on the pleadings (document no. 7) is denied, but without prejudice. While it is conceivable that defendant is entitled to dismissal of the claim asserted against him in count 2, the reasons advanced in his motion and supporting memoranda fail to demonstrate that such relief is warranted.

Should defendant elect to refile his motion or, perhaps more appropriately, submit a well-developed motion for summary judgment, counsel should brief the question of whether (and, if so, under what circumstances) RSA 354-A imposes individual liability on co-workers or supervisors for workplace gender-based discrimination. While the New Hampshire Supreme Court has yet to address that issue, numerous courts from jurisdictions with similar laws have discussed the point in some detail. See, e.g., Chapin v. Univ. of Mass. at Lowell, 977 F. Supp. 72, 78-80 (D.Ma. 1997) (collecting cases). See also Daigle v. NECX, Inc., 2001 WL 1199868 (Mass. Super. Feb. 23, 2001) (holding that supervisory personnel may be individually liable under the Massachusetts law against discrimination for having aided, abetted, incited, compelled, or coerced the doing of any acts forbidden under that

statute); <u>Schutz v. Go Ahead Vacations, Inc.</u>, 1999 WL 959681 (Mass. Super. Sept. 1, 1999) ("Other Justices of this court have held persons who engaged in alleged discriminatory acts or who were otherwise responsible for the allegedly unlawful adverse employment decision individually liable under § 4(5) [of General Laws c. 151B, the Massachusetts law against discrimination]."); <u>Hennessy v. Perico, Inc.</u>, 1999 WL 515078 (Mass. Super. May 20, 1999) ("General Laws c. 151B, § 4(5) states that it is unlawful for 'any person, whether an employer or an employee, . . . to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter or to attempt to do so.' While the Supreme Judicial Court has not yet addressed the issue, two recent Superior Court decisions conclude that individual employees and a corporate 'employer' may indeed be liable as aiders and abettors.") (citations omitted).

The court anticipates that, if defendant revisits the issue of individual liability under RSA 354-A, plaintiff's counsel will also address it in a meaningful way. Simply pointing out the obvious - that portions of New Hampshire's Law Against Discrimination contemplate individual liability for certain

4

violations of the Act (e.g., landlords who discriminate against actual or potential tenants) - does not provide any support for plaintiff's assertion that co-workers or supervisors can be liable for "aiding and abetting" workplace discrimination.

## Conclusion

This litigation is off to a bad start. Plaintiff filed suit against a bankrupt entity notwithstanding the Bankruptcy Code's automatic stay provision and failed to identify Demund as a defendant in count 3 of her complaint, though she argues it was her intent to include him. For his part, defendant has moved to dismiss non-existent counts in plaintiff's complaint. And, unfortunately, neither party has adequately briefed the law applicable to that motion to dismiss. No doubt future filings will be pertinent, responsive, and fully developed.

Defendant Demund's motion for judgment on the pleadings (document no. 7) is denied, without prejudice. Plaintiff's motion to amend her complaint (document no. 8) is granted. Defendant's assertion that plaintiff's amendment is barred by the statute of limitations fails to account for the provisions of

5

Rule 15(c) of the Federal Rules of Civil Procedure and, for that reason, he has failed to demonstrate that plaintiff's proposed amendment is time barred. Plaintiff shall, within twenty (20) days of the date of this order, serve a copy of the amended complaint and file with the court a <u>signed</u> original (the copy attached to plaintiff's motion is unsigned). If service upon defendant is made by mail, plaintiff shall also file an appropriate certificate of service. <u>See</u> Fed. R. Civ. P. 5.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 6, 2002

cc: Leslie H. Johnson, Esq.
    Steven E. Grill, Esq.